IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RODNEY M. BUTLER, | |
| Plaintiff, | |
| vs. | No. 08-1100-JDB |
| STATE OF TENNESSEE, | |
| Defendant. | |

ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Rodney M. Butler, a resident of Jackson, Tennessee, filed a pro se complaint alleging breach of contract on April 30, 2008, accompanied by the plaintiff's affidavit of indigence (Docket Entries "D.E." 1 & 2). Plaintiff paid the civil filing fee. Therefore, his motion to proceed in forma pauperis is DENIED as moot. The Clerk shall record the defendant as the State of Tennessee.

Defendant filed a motion dismiss on June 2, 2008, asserting that dismissal was warranted for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) (D.E. 9). Butler filed his response to the motion on July 1, 2008 (D.E. 12).

II.     Analysis of Plaintiff's Claims

On January 2, 2008, Plaintiff was indicted by a Madison County, Tennessee grand jury for driving under the influence

("DUI")(5th offense), driving on a revoked license (3rd offense with two or more prior DUIs), violation of the implied consent law, and vandalism (D.E. 3)[1].  In his complaint, Butler asserts that his indictment by the District Attorney General of the 26th Judicial District for the State of Tennessee for a felony DUI violation under Tenn. Code Ann. § 55-10-403 is a breach of contract because his two previous misdemeanor DUI convictions, obtained by a plea agreement in 1992 and 1993, were used to calculate multiple offenses for purposes of obtaining the felony indictment (D.E. 1 at 1).  Plaintiff contends that prior DUI convictions which were obtained more than ten (10) years ago, could not be used to calculate the multiple offenses necessary to constitute a felony DUI offense in 2008 (id. at 2).  He asserts that in 1998, the law in Tennessee changed with regard to how multiple offenses are calculated, and the District Attorney improperly imposed the 1998 law on his past misdemeanor DUI convictions (id.).  Butler insists that the conditions of a contract cannot be changed by future enactments of law and retroactive enforcement, and further, that this breach of the plea agreements imposes an ex post facto effect on the contract and constitutes a violation of the United States and Tennessee Constitutions (id.).

Federal courts are courts of limited jurisdiction. Finley v. United States, 490 U.S. 545, 547-48 (1989); Aldinger v. Howard, 427 U.S. 1, 15 (1976); Stillman v. Combe, 197 U.S. 436 (1905); Turner v. Bank of North America, 4 U.S. 8, 10 (1799).  Federal courts are

---

[1] On May 15, 2008, Plaintiff pled guilty to all charges except for the vandalism charge, and was sentenced to 3 years in the custody of the Tennessee Department of Corrections (D.E. 9).

obliged to act sua sponte whenever a question about jurisdiction arises. See, e.g., St. Paul Mercury Indemn. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 at 70 (1984 and 2008 Supp.). "Rule 12(h)(3) provides that a court shall dismiss an action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter.' Fed. R. Civ. P. 12(h)(3)." Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181 (7th Cir. 1989)(citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)).

Although the complaint purports to assert a common-law claim for breach of contract, the only basis for federal subject-matter jurisdiction over such an action is 28 U.S.C. § 1332, diversity of citizenship. Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a). A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." Lincoln Property Co. v. Roche, 126 S. Ct. 606, 613 (2005) (citations omitted). A state cannot be sued in a diversity action. Moor v. County of Alameda, 411 U.S. 693, 717 (1973) (a State cannot be a citizen of itself for purposes of diversity jurisdiction); Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482 (1894) (same). There is no diversity of citizenship and thus no subject matter jurisdiction over the claim for breach of contract where Plaintiff, a resident of Tennessee, attempts to sue the State of Tennessee.

Additionally, Butler tries to create a constitutional question by alleging a violation of the U.S. Constitution, Article I, Section 10 (D.E. 1 at 2). He requests that the Court order the State to comply with the conditions of his prior plea agreements (id. at 3), which would reduce the number of Plaintiff's DUI offenses and prevent his prosecution as a felony DUI offender under Tenn. Code. Ann. § 55-10-403(a)[2]. Defendant contends that the federal courts lack jurisdiction to review direct challenges to the legality of state criminal indictments and that the United States Supreme Court has strongly cautioned federal courts against interference into ongoing criminal prosecutions (D.E. 9, memorandum at 2). See Younger v. Harris, 401 U.S. 37 (1971).

Plaintiff's requested relief runs afoul of the Anti-Injunction Act, 28 U.S.C. § 2283, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit explained that "[t]he

---

[2] Plaintiff pled guilty to DUI (5th offense). Tenn. Code Ann. § 55-10-403(a)(1)(A) provides that "the fourth or subsequent conviction shall be a Class E felony punishable by a fine of not less than three thousand dollars ($3,000) nor more than fifteen thousand dollars ($15,000); by confinement for not less than one hundred fifty (150) consecutive days, to be served day for day, nor more than the maximum punishment authorized for the appropriate range of a Class E felony; and the court shall prohibit the person from driving a motor vehicle for a period of five (5) years."

Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." Andreano v. City of Westlake, 136 Fed. Appx. 865, 879-880 (6th Cir. 2005) (quoting Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 286 (1970)). No exception to the Anti-Injunction Act is applicable here. Mitchum v. Foster, 407 U.S. 225, 233-38 (1972). Likewise, the Supreme Court held in Younger v. Harris, that the Anti-Injunction Act precludes federal courts from enjoining pending state criminal prosecutions. Younger, 401 U.S. at 40-41.

Since a criminal proceeding was pending in state court at the time this federal action was initiated, Plaintiff had an opportunity to have his constitutional defenses raised during that proceeding. Cooper v. Parish, 203 F.3d 937, 954 (6th Cir. 2000); Zalman v. Armstrong, 802 F.2d 199, 205 (6th Cir. 1986). The Supreme Court's decision in Younger, and its progeny, require the district court to abstain from taking any action and dismiss the complaint in the instant case.

To the extent Butler may be trying to assert a civil action for the deprivation of his constitutional rights under 42 U.S.C. § 1983, his claim is subject to dismissal on the ground that a state is not a "person" subject to suit within the meaning of 42 U.S.C. § 1983. Will v. Michigan, 491 U.S. 58, 71 (1989).[3]

---

[3] Plaintiff also moves the Court to change the defendant to Jerry Woodall, the district attorney general for the 26th Judicial District Court (D.E. 12 at 4, presumably for malicious prosecution. However, a malicious prosecution
(continued...)

Additionally, Defendant correctly asserts that Tennessee has enacted a general invocation of sovereign immunity pursuant to Tenn. Code Ann. § 20-13-102(a) (D.E. 9, memorandum at 2), and Plaintiff acknowledges that the State of Tennessee has sovereign immunity (D.E. 12 at 2). Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits for damages against a state in federal court. Pennhurst v. State Sch. & Hosp., 465 U.S. at 98-100 (1984); Quern v. Jordan, 440 U.S. 332 (1979). Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a). Therefore, any § 1983 claim for damages against the State of Tennessee, is barred by the Eleventh Amendment.

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

III. Appeal Issues

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Serv., 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, he must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal.

---

[3] (...continued)
claim would be barred by absolute prosecutorial immunity. See Burns v. Reed, 500 U.S. 478, 490-492 (1991); Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976); Grant v. Hollenbach, 870 F.2d 1135, 1137 (6th Cir. 1989); Jones v. Shankland, 800 F.2d 77, 80 (6th Cir. 1986).

By filing a notice of appeal, Butler becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. McGore, 114 F.3d at 610.

IT IS SO ORDERED this 10th day of July, 2008.

                                    s/ J. DANIEL BREEN
                                    UNITED STATES DISTRICT JUDGE